GRAham, Presiding Judge,
delivered the opinion of the court:
The appellant filed his application in the United States Patent Office on April 2, 1927, for a patent on improvements in automobile wheels. This application was stated to be a division of appellant’s pending application, serial No. 41,835, filed July 6, 1925. Appellant claims the latter date as his effective filing date as regards this divisional application.
In the letter of the examiner of May 23,1928, Putnam, No. 1612050, of December 28, 1926, was cited as a reference. Thereafter, appellant filed an affidavit under Rule 75 of the Patent Office, which affidavit was intended to eliminate further reference to Putnam by that office. Attached to this affidavit were a number of sketches, bearing date from February 14, 1924, to February 29, 1924, and which it is said in the affidavit were delivered by appellant to his attorney and to a draftsman, for the preparation of an application, serial No. 726,529, which eventuated in a patent duly issued to appellant on May 10, 1927, No. 1628626. This application was filed July 17, 1924.
Also attached to the affidavit were two drawings, named, respectively, Exhibit 4 and Exhibit 5, and as to which the affidavit states the following:
* * * that on July 16, 1924, he made sketches fully disclosing the invention set forth in said divisional application, serial No. 180,479, and disclosed and explained said sketches on that date to G. B. Des Jardins, of the firm of Church and Church, his attorneys in that ease, and that photostat copies of said sketches are attached hereto, marked Exhibit 4 and Exhibit 5; that he does not know and does not believe that the invention has been in public use or on sale in this country or patented or described in a printed publication in this or any foreign country for more than two years prior to the date of filing of his said application, serial No. 41,835, of which the present application is a division, and that he has never abandoned the invention.
The said drawings each bear .date of July 16,1924.
The subject matter of appellant’s present application consists of a metal automobile wheel in which the brake drum is utilized as a part of the body of the wheel, the demountable rim being detachably connected to such brake drum by relatively short securing members or lugs, by means of bolts. The particular elements here involved lie in the rearward dishing of the central part of the brake drum in order to strengthen said brake drum against load strain, torque, etc., imposed upon it. There is also the further feature of a bolted connection between the spoke members and the brake drum, in which the central portion of said spokes and the brake drum are united in *993 spaced relation to each other, so that the tension caused by such spaced relation will tend to prevent the nuts from becoming loosened upon said connecting bolts.
The rejected claims are as follows:
1. A wheel comprising a brake 'drum having the central portion of its side wall rearwardly dished, a tire-carrying rim, and means for detachably connecting said rim to said brake drum, whereby load, side thrust, and torque are transmitted through the drum.
4. A wheel comprising a brake drum having a cylindrical braking flange, a vertical portion extending inwardly from the front edge of said flange, and a central portion dished rearwardly from the inner edge of said vertical portion, a tire-carrying rim, a plurality of securing members rigidly connected to said rim, and means for detachably connecting the inner portions of said members to the vertical portion of the brake drum.
6. A wheel comprising a brake drum, a tire-carrying rim, a plurality of sheet metal securing members rigidly connected to the rim and each having an inner portion seating on the periphery of the brake drum, bolts carried by the drum and extending through the inner portions of the securing members, and nuts screwed on said bolts and clamping said inner portions against the drum.
7. A wheel comprising a brake drum, having a cylindrical braking flange, a vertical portion extending inwardly from the front edge of said flange, and a rearwardly dished central portion extending from the inner edge of said vertical portion, a tire-carrying rim, a plurality of sheet metal securing members rigidly connected to the rim and each having an inner portion seating on the periphery of the vertical portion of the brake drum and engaging the rearwardly dished portion near its outer edge, bolts carried by the drum and extending through the inner portions of the securing members, and nuts screwed on said bolts and clamping said inner portions against the'drum.
8. A wheel comprising a brake drum, a tire-carrying rim, a plurality of pressed metal securing members rigidly connected to the rim, the inner portion of each member engaging the brake drum at radially spaced points and being spaced from the drum between such points, bolts extending through the drum and the inner portions of said members at the parts of the latter which are spaced from the drum, and nuts screwed on the bolts and engaging said securing members.
10. A wheel comprising a brake drum, a tire-carrying rim, a plurality of pressed metal securing members rigidly connected to the rim, the inner portion of each member engaging the brake drum at radially spaced points and being spaced from the drum between such points, bolts extending through the drum and the inner portions of said members at the parts of the latter which are spaced from the drum, and nuts screwed on the bolts and having convex faces engaging concave recesses in said securing members.
The examiner held that the affidavit was insufficient to meet the conditions of said rule 75, and that, therefore, the Putnam reference was still available. In coming to this conclusion the examiner called attention to the fact that the part of said affidavit which referred to certain sketches bearing date in February 1924 was applicable only, by the terms of said affidavit, to the showings of the patent No. 1628626, of May 10, 1927, and that that portion of the affidavit referring to appellant’s present application bore date as of July 16, *994 1924, a date ajoproximately three months after Putnam’s application was filed on April 7, 1924.
These circumstances, therefore, were taken by the examiner as not a compliance with the provisions of said rule 75. The relevant portion of said rule 75 is as follows:
75. When an original or reissue application is rejected on reference to an expired or unexpired domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing of the application on which the domestic patent issued, * * *.
The examiner thereupon rejected the claims in issue on certain references cited.
The Board of Appeals coincided with the examiner as to his construction of said rule 75, and, after considering the matter upon the references cited, rejected all the claims here in issue, and from that decision appellant has appealed.
- The following references were cited by the Board of Appeals in the following language:
The references relied upon are:
Putnam (reissue), 15358, May 16, 1922.
Klocke, 1394739, Oct. 25, 1921.
Trepier, 1405358, Jan. 31, 1922.
Siddeley, 1439269, Dec. 19, 1922.
Forsyth, 1470222, Oct. 9, 1923.
Reid, 1471356, Oct. 23, 1923.
Putnam, 1612050, Dec. 28, 1926.
Trout et al., 1627717, May 10, 1927.
Wagenhorst, 1628626, May 10, 1927.
Wagenhorst, 1679453, Aug. 7, 1928.
In our opinion, the tribunals of the Patent Office were correct in their conclusions that the affidavit of appellant was not sufficient to eliminate the reference Putnam. It is immaterial in this case whether appellant completed the invention embodied in his patent, No. 1628626, prior to Putnam’s invention of the same, and this is as far as appellant’s showing as to his proceedings in February 1924 may be held to extend. Appellant must claim that the alleged invention disclosed in his present application has inventive features over his patent, otherwise he has nothing upon which a new patent may issue. If, therefore, it is claimed that the present application is for a new invention, he must show by his affidavit that this invention was completed before Putnam’s filing date. As has been shown, his affidavit discloses a date three months subsequent thereto, and thus the affidavit avails him nothing, and does not bring him within rule 75. If it may be ¿aid that by his affidavit he has shown that he *995 completed bis invention on July 16, 1924, and as to this we express no opinion, this date is, as we have said, subsequent to the Putnam filing date. .
■ The Putnam patent is, therefore, available as a reference, and may be used, so far as it is applicable herein.
The examiner also rejected appellant’s “general combination” claims on the ground of double patenting, in view of his patent 1628626. The Board of Appeals did not specifically enumerate this ground of rejection, a general affirmance being made of the examiner’s decision.
As to this point, it is argued by the appellant that this ground of rejection is not now before the court, inasmuch as the board did not refer to it. On the other hand, the Solicitor for the Patent Office argues that a general affirmance by the board of the decision of the examiner is equivalent to an affirmance of every reason for rejection given by the examiner; that if some specific reason for rejection is given by the examiner, which does not meet with the approval of the board, it is the duty of the board to so hold in its decision.
Sec. 482 R. S., 44 Stat. 1335, so far as relevant, provides:
* * * The Commissioner of Patents, the first assistant commissioner, the assistant commissioner, and the examiners in chief shall constitute a board of appeals, whose duty it shall be, on written petition of the appellant, to review and determine upon the validity of the adverse decisions of examiners upon applications for patents and for reissues of patents and in interference cases.
It being made the statutory duty of the Board of Appeals “ to review and determine upon the validity of the adverse decisions of examiners,” it would seem that this duty is not fully performed without a review of all adverse decisions by the examiner. A general affirmance must be taken as an affirmance of all such adverse decisions, even though not specifically referred to. This, we think, has been the practice of the Patent Office.
It therefore follows that where, as here, the Board of Appeals has affirmed the decision of the examiner in rejecting the claims of appellant on certain grounds and upon certain named references, which references are also cited by said board in its decision, the affirmance should be held to have the legal effect of a rejection upon the grounds and references cited by the examiner, and not expressly reversed by the board.
The same thought must have been in the minds of the attorneys for appellant, for the first assignment of error to this court is as follows:
1. The Board of Appeals erred in affirming the reason of the primary examiner finally rejecting claims 1, 4, 6, 7, 8, and 10 of the above-entitled application.
*996 This, in the opinion of the court, is a sufficient statement" of the reasons of appeal to bring before this court for consideration the various grounds of rejection of appellant’s claims urged by the examiner and affirmed by the Board of Appeals, and raises directly the correctness of each such adverse ruling. Such statement of rea-" sons must be construed as having read thereinto such various grounds of rejection. It is a sufficient statement of appellant’s “reasons of appeal, specifically set forth in writing,” as provided in section 4912 R. S.
This court is not disposed to apply, in these cases, the rigid and inflexible rules as to assignments of error sometimes applied by the courts in other proceedings. The statute should be liberally and reasonably construed and its purpose to give to parties appealing* to this court from Patent Office decisions a speedy and effective revision thereof, should not be defeated by a highly technical construction of the written “ reasons of appeal.” If the court, and the Patent Office are advised, by these written reasons, of the questions at issue, that is sufficient to enable the court to “ revise the decision appealed from in a summary way.” Section 4914 B. S.
The matter of the statement of such “ reasons of apiaeal ” has been referred to by this court in several cases. In In re Schneider, 17 C. C. P. A. (Patents) 952, 39 F. (2d) 278, the applicant sought to make an amendment and to add a new claim on the date appeal was taken to the Board of Appeals, which amendment was denied by the examiner, and the board refused to consider the amendments and additional claims. There was no assignment of error in this court as to said ruling by the board, and we expressed the opinion that we might, therefore, disregard the point. . Plowever, no such question being raised by counsel, we considered it.
In Mas v. Root, 19 C. C. P. A. (Patents) 819, 54 F. (2d) 435, we said that we did not feel called upon to determine whether the party Mas reduced his invention otherwise than by filing his application, as thequestion was not specifically set out in his reasons of appeal.” Furthermore, it appears from the. record that Mas made no such claim in this court.
In Southgate v. Greene, 19 C. C. P. A. (Patents) 1129, 57 F. (2d) 374, a patent interference proceeding, the party Greene proffered a part of one of his applications upon which he claimed priority. In the appellant’s argument in this court, the point was raised that appellant had the right to inspect the entire application. We stated that we would not consider the point, as it was not assigned as error in the reasons for appeal.
In Derby Oil Co. v. White Star Refining Co., 20 C. C. P. A. (Patents) 816, 62 F. (2d) 984, a cancellation proceeding, we refused *997 to consider two preliminary questions, stating that no assignments of error had been made upon the same. The first question was the claim of continuity of title; the second, an objection to the introduction of certain photostats in evidence. The record shows that these matters were not raised before nor passed upon by, either of the Patent Office tribunals, were not assigned for error here, and were raised for the first time by argument, in this court. In such case they did not constitute averments of reasons for appeal, and we so stated.
The reason for appeal above quoted must be understood as raising for our consideration each ground assigned by the examiner and affirmed by the board. We find nothing in the cases above commented upon which is out of harmony with this view. There seems to be no real necessity, in order to raise the question here, that each ground of refusal given by the examiner and affirmed by the board, should be set out, seriatim.
Such expressions as appear in the opinions of this court with reference to the office of an assignment of error, in the exercise of the customs jurisdiction of the court, are not thought to be applicable to patent appeals, such as that now before us, the statutory authority being vastly different in the two jurisdictions.
The rejected claims will be considered in view of these conclusions. Claims 1, 4, and 1 were said by the board to distinguish from the reference Putnam only in the statement that the side wall of the brake drum is dished rearwardly, and this feature, it is said, is met by the references Klocke and Trepier. We are in agreement with this conclusion. Trepier, it is argued by appellant, does not show “ means * * * whereby load, side thrust, and torque are transmitted through the drums,” because he shows a member, to the exterior of the drum, extending from the connecting member directly to the hub. This is true, but, while this may supplement the sidewall of the drum, the connecting member, nevertheless, does transmit load, side thrust, and torque through the drum.
Claim 6 was properly rejected on reference to Putnam, Trepier, and Eeid.
The case is different, however, as to the rejection of claims 8 and 10 on reference to Putnam and Trout. These claims, as will be observed, are based upon a structural feature which consists in forming that portion of each connector, where it is bolted to the brake drum, in such a manner that the central portion thereof is raised and does not come in contact with the sidewall of the brake drum. As stated in claim 10, the connector is there “ spaced from the drum,” and the connecting bolts extend through the connectors and drum at points “ which are spaced from the drum.” This fea *998 ture gives the highly useful result of retaining the nuts upon said connecting bolts in much the same manner as if they were retained by lock washers.
This feature is not claimed to be shown by Putnam. Trout is relied upon. Trout shows a disk or connecting member, made of sections welded together. Each of these sections has a curved, hollow rib along its inner margin, and is provided with an inner, curved, lateral flange which bears upon a flange of the hub when the wheel is assembled. A depression or concave recess is pressed in the hollow rib of each section of the disk, all of which are used to connect hub and disk by means of studs and ball nuts.
As disclosed by Trout’s drawings, the circular inner margins of these concave recesses, when the wheel is assembled, rest upon and contact with the flanges of the hub. The ball nuts, as recited in Trout’s specification, “ are then screwed upon the studs until the convex surfaces of the nuts seat in the depression.”
The Solicitor for the Patent Office, in describing this feature, says: “ the rim is supported by several sections 21, each having at its inner end a curved hollow rib 22 which makes a 2-point contact with the support (hub flange 11) with a securing means located radially between the two spaced contact points.”
Trout nowhere discloses or teaches any such structure as appellant has disclosed and claimed in his connection of drum and connectors, in spaced relation to each other. He makes no claim covering this feature. Appellant does show and claim it, and, in so far as is apparent, he has thereby contributed a useful element to this type of wheel structure. The solicitor states:
It may further lie 'conceded that if the points of difference enumerated involve an inventive advance over the claims of appellant’s patent (or what amounts to the same thing, over the claims or showing of Putnam as to the “general combination” mentioned by the examiner), then the appealed claims should be allowed.
We are of opinion that the feature just discussed does constitute an inventive advance in the ait, and hence are of opinion that claims 8 and 10 of appellant’s application should be allowed, in so far as this ground of rejection is concerned.
It will be observed that no claim is made by the solicitor that the elements of the claims do not sufficiently coact with each other to constitute a proper combination claim. No such suggestion was made by either tribunal in the Patent Office or here. Hence this |>oint is not involved in the present appeal. In re Tucker & Reeves, 19 C. C. P. A. (Patents) 810, 54 F. (2d) 815.
As to double patenting, the examiner has stated:
The applicant has carefully pointed out that his patent No. 162862® claims the “ general combination ” as broadly as Putnam. See page 3, paragraph 2' *999 of paper No. 10. Since this is true the claims are further rejectable on the grounds of double patenting in view of the references showing the specific features under the authority of ex parte Hammond and Hammond, 1922; O. D. 15, and ex parte Chapman, 1924, C. D. 143, wherein it was held that in considering double patenting it is proper to consider the prior art in connection with the subject matter claimed previously by the applicant.
Reference to this patent to Wagenliorst discloses that appellant therein claimed a general combination of a wheel comprising a rim, a series of connectors extending inwardly therefrom and attached to a brake drum, which brake drum became a part of the wheel structure. The patent, however, makes no disclosure of, or claim for, a combination having the particular construction called for by said claims 8 and 10, and hereinbefore referred to. Therefore, there can not be said to be double patenting of the subject matter as set out in these two claims.
The decision of the Board of Appeals is affirmed as to its rejection of claims 1, 4, 6, and 7, and reversed as to claims 8 and 10.